**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:20-cv-00100 |
| | § | |
| 9.980 ACRES OF LAND, MORE OR LESS, | § | |
| SITUATE IN CAMERON COUNTY, | § | |
| STATE OF TEXAS, JUAN JOSE | § | |
| MARTINEZ, *et al.*, | § | |
| *Defendants.* | § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER FRCP 26(f)**

**1. State where and when the meeting for the parties required by Rule 26(f) was held and identify the counsel who attended for each party.**

Pursuant to Federal Rule of Civil Procedure 26(f), Baltazar Salazar, Assistant United States Attorney on behalf of the United States of America ("Plaintiff"), conferred via telephone and email with conferred with Defendants Sulema Valencia, Gloria Cuellar, Petra Casares, Orencio Martinez, Jr., Cindy M. Lopez, and with Steve Bird, counsel for Cameron County Tax Assessor-Collector, on November 5-6, 9-10, 2020.

Plaintiff has not been able to communicate with Defendant Juan Jose Martinez and/or his attorney-in-fact as required by Rule 26(f) despite attempts to communicate with Mr. Martinez on October 6, 23 and November 5-6, 9-10, 2020.

**2. List the cases related to this one that are pending in any state or federal court with the court with the case number and court.**

None.

**3. Specify the allegation of federal jurisdiction.**

Plaintiff alleges the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1358. This is a civil action brought by the United States under the power of eminent domain through a Declaration of Taking at the request of the Secretary of the Department of Homeland Security, through the Acquisition Program Manager, Wall Program Management Office, U.S. Border Patrol Program Management Office Directorate, U.S. Border Patrol, U.S. Customs and Border Protection, Department of Homeland Security, for the taking of property for purposes of constructing, installing, operating, and maintaining roads, fencing, vehicle barriers, security lighting, cameras, sensors, and related structures to help secure the United States/Mexico border within the State of Texas; and for the determination and award of just compensation to the owners and parties in interest.

**4. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

None.

Defendant Juan Jose Martinez' position as to this question is unknown at this time.

**5.  List anticipated interventions, if any.**

None.

Defendant Juan Jose Martinez' position as to this question is unknown at this time.

**6.  Describe class-action issues, if any.**

None.

Defendant Juan Jose Martinez' position as to this question is unknown at this time.

**7.  State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements to have been made to complete the disclosures.**

Plaintiff proposes that the parties submit their initial disclosures pursuant to Rule 26(a)(1)(A) within two weeks of either of the following: (1) the parties privately resolving the issue of title, or (2) the Court entering an order determining parties entitled to just compensation for the taking of Tract RGV-HRL-7512.

**8.   Describe the proposed agreed discovery plan, including:**

    **A.  Responses to all the matters raised in Federal Rule of Civil Procedure 26(f).**

Plaintiff and Defendants raised in Rule 26(d) to delay discovery regarding valuation until the issue of title (*i.e.* which Defendants had an interest in Tract RGV-HRL-7512 at the time of taking) is resolved by private agreement by the parties, or alternatively, resolved by the Court through a title hearing.

Defendant Juan Jose Martinez' position as to this question is unknown at this time.

    **B.  When and to whom the plaintiff anticipates it may send interrogatories.**

Plaintiff does not anticipate sending interrogatories in this action. However, in the event settlement is not reached and/or Defendants send interrogatories to any individuals involved in determining the Plaintiff's estimate of just compensation, Plaintiff will send interrogatories to Defendants.

    **C.  When and to whom the defendant anticipates it may send interrogatories.**

Defendant Juan Jose Martinez' position as to this question is unknown at this time; all other Defendants do not anticipate sending interrogatories in this action, but reserve the right to send interrogatories to Plaintiff.

    **D.  Of whom and by when the plaintiff anticipates taking oral depositions.**

Plaintiff does not anticipate taking oral depositions in this action. However, in the event settlement is not reached and/or Defendants take the deposition of any individuals involved in determining the Plaintiff's estimate of just compensation, Plaintiff will depose Defendants.

> E. **Of whom and by when the defendant anticipates taking oral depositions.**

Defendant Juan Jose Martinez' position as to this question is unknown at this time; all other Defendants do not anticipate taking oral depositions in this action, but reserve the right to depose to Plaintiff.

> F. **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Federal Rule of Civil Procedure 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

Defendants have the burden of proof regarding the issue of just compensation in this action. In the event settlement is not reached, Plaintiff is not opposed to designating experts and providing reports required under Rule 26(a)(2)(B) on the same date as Defendants. In the event an expert designation deadline is necessary in this action, Plaintiff asks that the Court consider a deadline for rebuttal experts as well.

Defendant Juan Jose Martinez' position as to this question is unknown at this time.

> G. **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.** *See* **Rule 26(a)(2)(B).**

Defendants have the burden of proof regarding the issue of just compensation in this action. In the event settlement is not reached, Defendants are not opposed to designating experts and providing reports required under Rule 26(a)(2)(B) on the same date as Plaintiff. In the event an expert designation deadline is necessary in this action, Defendants ask that the Court consider a deadline for rebuttal experts as well.

Defendant Juan Jose Martinez' position as to this question is unknown at this time.

> H. **List expert depositions the opposing party anticipates taking and their anticipated completion date.** *See* **Federal Rule of Civil Procedure 26(a)(2)(B).**

In the event settlement is not reached and/or Defendant deems it necessary to designate experts in this action, Plaintiff anticipates taking the deposition of any expert designated by Landowner Defendants by the end of the discovery period as designated by the Court in its scheduling order.

Defendant Juan Jose Martinez' position as to this question is unknown at this time.

**9. If the parties are not agreed on a part of the discovery plan, describe each party's separate views and proposals.**

Plaintiff agrees to all parts of the discovery plan.

Defendant Juan Jose Martinez' position as to this question is unknown at this time; all other Defendants agree to all parts of the discovery plan.

**10. Specify the discovery beyond initial disclosures that has been undertaken to date.**

Plaintiff has shared its title research as to Tract RGV-HRL-7512 and its larger parcel with Defendants.

Defendant Juan Jose Martinez' position as to this question is unknown at this time

**11. Specify any modifications to the Preliminary Scheduling Order that one or more parties requests.**

Plaintiff and Defendants respectfully request the Court set a status conference 30 days from the scheduled Initial Pretrial Conference; during this period, Plaintiff and Defendants will attempt to resolve issue of title as to Tract RGV-HRL-7512. Plaintiff and Defendants request the Court delay discovery regarding valuation of Tract RGV-HRL-7512 until the issue of title is resolved. To the extent discovery is requested prior to the title hearing by the parties, Plaintiff and Defendants propose limiting initial discovery to title issues.

Defendant Juan Jose Martinez' position as to this question is unknown at this time

**12. Describe what each party has done or agreed to do to bring about a prompt resolution of the case.**

Prior to the commencement of this condemnation action, the United States Customs and Border Protection ("CBP") and the United States Army Corps of Engineers ("USACE")[1] attempted to negotiate the direct purchase of 9.98 acres of land, identified as Tract RGV-HRL-7512 ("Subject Property"), for purposes of the ongoing Border Infrastructure Project in Cameron County. Based on the Government's title determination, the following eight (8) heirs of Juan Balli Martinez owned the larger parcel of the Subject Property: (1) Juan Jose Martinez; (2) Gloria Cuellar; (3) Sulema Valencia, (4) Petra Casares; (5) Cindy M. Lopez; (6) Orencio Martinez, Jr.; and (7) Olivia Rodriguez.

On March 20, 2020, USACE mailed offers to sell ("OTS") to each landowner of the Subject Property to negotiate the direct purchase of the Subject Property. On March 30, 2020, a USACE realty specialist called landowner Juan Jose Martinez, but call was not answered or returned. The USACE realty specialist then contacted landowner Gloria Cuellar, who informed the realty specialist that two attorneys represented the interests of the majority of the family in negotiating the direct purchase of the Subject Property. The USACE realty specialist called the law office of one of the attorneys and emailed the OTS to the attorney, but did receive a response.

On April 1, 2020, landowner Petra Casares contacted the USACE realty specialist about the OTS and discussed the basis for the Government's valuation for the Subject Property. Defendant Casares presented the USACE realty specialist a counter-offer, and stated she would have all other landowners agree to the counter-offer amount and would have them execute an OTS for said amount. Later that day, the USACE realty specialist received an executed OTS from Defendant Olivia Rodriguez for the counter-offer amount.

On April 2, 2020, the USACE realty specialist received an executed OTS from Defendant Gloria Casares for the counter-offer amount. From April 3 to May 20, 2020, the USACE realty specialist called the attorneys named by Defendant Gloria Cuellar but each call was unsuccessful without a return call from the attorneys; he repeatedly contacted the attorneys representing the landowners

---

[1] CBP and USACE are collectively hereafter referred to as "the Government."

to confirm representation and left voicemails stating that a counter-offer as to the remaining landowners was necessary to avoid condemnation. After unsuccessful attempts to locate, communicate, and negotiate the direct purchase of the Subject Property with all 7 landowners, USACE referred the Subject Property on May 20, 2020 to the Department of Justice- United States Attorney's Office for the Southern District of Texas ("DOJ") for further negotiations and recommended condemnation due to inability to negotiate the direct purchase of the Subject Property within USACE's allotted negotiation period.

On June 3, 2020, the undersigned Assistant United States Attorney ("AUSA") contacted landowner Gloria Cuellar to discuss the OTS. Ms. Cuellar indicated that she and brother, Juan Jose Martinez had not executed an OTS for the sale of the Subject Property, in particular Ms. Cuellar claimed Cameron County owned the Subject Property and had taken title of the Subject Property due to excessive ad valorem taxes owed as to larger parcel of the Subject Property. Ms. Cuellar mentioned that her brother, landowner Juan Jose Martinez previously practiced as an attorney in Cameron County; however for health reasons, Mr. Martinez has an attorney-of-fact appointed over him and claimed Mr. Martinez children, two licensed attorneys, likely would represent her interest and the interests Mr. Martinez the other landowners.

From June 3 through June 29, 2020, the Government obtained an OTS from landowner Cindy M. Lopez. During this period, the undersigned AUSA attempted multiple times to contact the attorneys mentioned by Ms. Cuellar to confirm the attorneys' representation of the landowners, but phone calls and messages were not returned. Finally, on June 30, 2020, the undersigned emailed one of the attorneys allegedly representing the landowners to inform her that Ms. Cuellar had indicated that she would be representing the interests of the landowners in negotiating the direct purchase of the Subject Property, as such, the undersigned requested confirmation of representation and requested a meeting to discuss the acquisition of the Subject Property; however, said attorney did not respond to the undersigned's June 30, 2020 email either.

Because the Government ("Plaintiff") could not negotiate the direct purchase with all 7 heirs of Juan Balli Martinez and due to the immediate need to move forward with construction in Cameron County, Plaintiff filed a Complaint in Condemnation (Dkt. No. 1) and Declaration of Taking (Dkt. No. 2) July 8, 2020 to acquire the fee interest in the Subject Property. After the commencement of this condemnation action, Plaintiff and 6 of the 7 Landowner Defendants negotiated and entered into agreements for possession. Landowner Defendant Juan Jose Martinez, however, has not responded to Plaintiff's communication attempts at any time prior to and since the commencement of this case; accordingly, on September 2, 2020, Plaintiff moved the Court for an order granting Plaintiff immediate possession of the Subject Property.

Since the Court granted Plaintiff immediate possession of the Subject Property (Dkt. No. 23) on September 28, 2020, Plaintiff has been in communication with all Defendants except for Juan Jose Martinez. Landowner Defendant Juan Jose Martinez and/or his attorney-in-fact have not responded to the undersigned's correspondence or phone call attempts. Landowner Defendants continue to engage in settlement negotiations as to the issues of title and just compensation for the taking of the Subject Property. Resolution of title as to the Subject Property will impact the just compensation to be paid for the taking, thus, <u>Plaintiff and Landowner Defendants respectfully request the Court set a status conference 30 days from the scheduled Initial Pretrial Conference; during this period, Plaintiff will continue to negotiate and attempt to settle the issue of title with Landowner Defendants.</u>

Once the issue of title is resolved, the parties will attempt to resolve the issue of just compensation within 60 days from the issue of possession being resolved.

Defendant Juan Jose Martinez' position as to this question is unknown at this time.

**13. State the Alternative Dispute Resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.**

Plaintiff does not believe that formal alternative dispute resolution is applicable or needed in this case; however, Plaintiff will continue negotiations with Defendants with hopes to settle this case.

Defendant Juan Jose Martinez' position as to this question is unknown at this time; all other Defendants agree with Plaintiff.

**14. Magistrate judges may now hear jury and non−jury trials. Indicate each party's respective position on a trial before a magistrate judge.**

Plaintiff does not agree to a trial before a magistrate judge.

Defendant Juan Jose Martinez' position as to this question is unknown at this time; all other Defendants do not agree to a trial before a magistrate judge.

**15. State whether a jury demand has been made and if it was made on time.**

Plaintiff makes no demand for a jury trial.

Defendant Juan Jose Martinez' position as to this question is unknown at this time; all other Defendants made no demand for a jury trial.

**16. Specify the number of hours presenting the evidence in this case will take.**

Plaintiff asserts that the evidence in this case could be presented in 16 hours or less.

Defendant Juan Jose Martinez' position as to this question is unknown at this time; all other Defendants agree with Plaintiff.

**17. List pending motions that could be ruled on at the Initial Pretrial Conference.**

None at this time.

**18. List other motions pending.**

None.

**19. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the Court at the Initial Pretrial Conference, and/or that could facilitate a prompt, efficient, and cost-effective preparation of the case.**

There is a possibility that rebuttal experts may be needed in this case. Plaintiff requests that the Court set a rebuttal expert deadline for forty-five (45) days after date of the mutual expert report

exchange.

Defendant Juan Jose Martinez' position as to this question is unknown at this time; all other Defendants agree with Plaintiff.

**20.** **List the names, bar numbers, addresses, and telephone numbers of all counsel.**

**COUNSEL FOR PLAINTIFF:**

**BALTAZAR SALAZAR**
Assistant United States Attorney
S.D. Tex. ID No. 3135288
Texas Bar No. 24106385
600 E. Harrison Street, Suite 201
Brownsville, TX 78520
Telephone: (956) 983-6057
Facsimile: (956) 548-2775
E-mail: Baltazar.Salazar@usdoj.gov
Attorney-in-Charge for Plaintiff

**COUNSEL FOR DEFENDANT CAMERON COUNTY TAX ASSSESSOR-COLLECTOR:**

**DOUGLAS STEVEN BIRD**
State Bar No. 02331330
Southern Admission No. 3438883
**LORI GRUVER**
State Bar No. 22963
LINEBARGER GOGGAN
BLAIR & SAMPSON, LLP
P.O. Box 17428
Austin, Texas 78760
Telephone: (512) 447-6675
Facsimile: (512) 693-0728

Respectfully submitted,

**FOR DEFENDANTS:**     **FOR PLAINTIFF:**

**RYAN K. PATRICK**
United States Attorney
Southern District of Texas

s/ Douglas Steven Bird *w/permission*
**DOUGLAS STEVEN BIRD**
State Bar No. 02331330
Southern Admission No. 343883
**LORI GRUVER**

By: *s/ Baltazar Salazar*
**Baltazar Salazar**
Assistant United States Attorney
Attorney-in-Charge

State Bar No. 24007283
Southern Admission No. 22963
LINEBARGER GOGGAN BLAIR & SAMPSON, LLP
P.O. Box 17428
Austin, Texas 78760
(512) 447-6675 (Telephone)
(512) 693-0728 (Facsimile)
Steve.Bird@lgbs.com
Attorneys for Defendant Antonio "Tony" Yzaguirre, Jr., Cameron County Tax Assessor-Collector

S.D. Tex. ID. No. 3135288
Texas Bar No. 24106385
**UNITED STATES ATTORNEY'S OFFICE**
**SOUTHERN DISTRICT OF TEXAS**
600 E. Harrison, Suite 201
Brownsville, Texas 78520
Telephone: (956) 983-5067
Facsimile: (956) 548-2775
Email: Baltazar.Salazar@usdoj.gov

s/ Sulema Valencia *w/permission*
**SULEMA VALENCIA**
San Antonio, Texas 78254


s/ Gloria Cuellar *w/permission*
**GLORIA CUELLAR**
Riviera, Texas 78379


s/ Petra Casares *w/permission*
**PETRA CASARES**
Pasadena, Texas 77503


s/ Orencio Martinez *w/permission*
**ORENCIO MARTINEZ, JR.**
Brownsville, Texas 78526


s/ Cindy M. Lopez *w/permission*
**CINDY M. LOPEZ**
Brownsville, Texas 78526


s/ Maria O. Rodriguez *w/permission*
**MARIA OLIVIA RODRIGUEZ**
Brownsville, Texas 78521


**JUAN JOSE "JJ" MARTINEZ**
Rancho Viejo, Texas 78575

# CERTIFICATE OF SERVICE

I certify that on November 12, 2020, a copy of the foregoing document was served on Defendants' counsel of record via CM/ECF notice of electronic filing and regular mail

*s/ Baltazar Salazar*
**Baltazar Salazar**
Assistant United States Attorney